UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARION KRAYZMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>ISTOCKPHOTO LP,<br><br>        Defendant. | Case No. 24-cv-03086-VC<br><br>**ORDER DISMISSING CASE**<br>Re: Dkt. No. 11 |

      iStockPhoto's motion to compel arbitration is denied and its motion to dismiss is granted. This ruling assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

      1. Krayzman's claims are not subject to the binding arbitration clause in iStock's License Agreement because he never agreed to the License Agreement. There is meaningful assent to a browsewrap agreement only if the "website provides reasonably conspicuous notice of the terms" of the agreement and "the consumer takes some action, such as clicking a button" that "unambiguously manifests his or her assent to those terms." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022). Here, when Krayzman subscribed to iStock, he clicked a button that said "I agree" with the statement "By joining iStock, you accept our Privacy Policy and Terms of Use" right above the button. Only if Krayzman clicked on the hyperlink to either the Privacy Policy or the Terms of Use agreement would he even see the License Agreement listed on the sidebar of those pages. There was obviously no reasonably conspicuous notice of the License Agreement considering it was not even listed on the subscription page. A reasonable consumer would believe they are consenting to only the Privacy Policy and Terms of Use

agreement when clicking the "I agree" button, not the License Agreement.

2. However, it's undisputed that Krayzman did consent to the Terms of Use Agreement. And that agreement has a forum selection clause and choice of law provision stating that "any claims or disputes whatsoever arising hereunder shall be submitted to the exclusive jurisdiction and venue of the courts of the Province of Alberta." Krazyman argues that the forum selection clause doesn't apply because iStock is trying to invoke multiple agreements which each have a different forum; that argument fails because the License Agreement doesn't apply, and the Privacy Policy's permissive arbitration clause is not in conflict with the Terms of Use Agreement's mandatory forum selection clause.

At the hearing, Krayzman raised a better argument that his claims are not covered by the Terms of Use Agreement, but he forfeited that argument by failing to raise it in the opposition. *See Walsh v. Nevada Department of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006). Indeed, the opposition instead stated that "both the TOU and Privacy Policy (which Plaintiff agreed to upon subscribing) arguably relate to the claims at issue in this case." Dkt. No. 15 at 8. Had Krayzman made the argument, it would have raised a complicated question of whether to interpret the forum selection clause under Alberta law (as the choice of law provision requires) or under federal law. But the Court does not address that issue on the merits.

Because, on this record, there is a valid forum selection clause that covers Krazyman's claims, the case is dismissed on *forum non conveniens* grounds. Dismissal is without prejudice to filing the case in Canada, but Krayzman does not have leave to file an amended complaint here.

**IT IS SO ORDERED.**

Dated: October 3, 2024

_____
VINCE CHHABRIA
United States District Judge