SEAN M. SULLIVAN (CA SBN 229104)
seansullivan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: 213.633.8644

CHASE BEAUCLAIR (CA SBN 327030)
chasebeauclair@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206.573.0566

Attorneys for Defendant iStockPhoto, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARION KRAYZMAN, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ISTOCKPHOTO, L.P.,<br><br>Defendant. | Case No. 3:24-cv-03086-VC<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Assigned to the Hon. Vince Chhabria<br><br>Date: November 21, 2024<br>Time: 10:00 AM<br><br>Action Filed: May 22, 2024 |

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ..... 1

II. RELEVANT FACTUAL BACKGROUND ..... 1

III. ARGUMENT ..... 2

A. Plaintiff Cannot Claim Attorneys' Fees Under California Civil Code 1717 Because the License Agreement Is Governed by New York Law. ..... 3

B. Plaintiff Is Not the Prevailing Party Under Section 1717. ..... 6

1. Attorneys' Fees Are Not Available on a Motion to Compel Arbitration Under California Law. ..... 6

2. The Limited Exceptions to the General Rule that Fees Are Unavailable on A Motion to Compel Do Not Apply Here. ..... 8

3. To the Extent There Is a Prevailing Party, It Is iStock. ..... 10

C. Plaintiff's Fees Are Unreasonable ..... 11

D. Plaintiff Is Not Entitled to a Multiplier. ..... 13

IV. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*214 Wall St. Assocs., LLC v. Med. Arts-Huntington Realty*,
953 N.Y.S.2d 124, 99 A.D.3d 988 (2012) .......... 4

*Abraham v. Torati*,
197 N.Y.S.3d 235, 219 A.D.3d 1275 (N.Y. App. Div. 2023) .......... 4

*Acosta v. Kerrigan*,
150 Cal. App. 4th 1124 (2007) .......... 9

*Advent Env't Consulting, LLC v. Jotform Inc.*,
2022 WL 18485 (N.D. Cal. Jan. 3, 2022) .......... 6, 9

*AKS Trade Co., LLC v. Americap Direct Corp.*,
2023 WL 2752486 (E.D. Cal. Mar. 31, 2023) .......... 7, 8, 9

*Ambrose v. Ambrose*,
9 N.Y.S.3d 130, 128 A.D.3d 746 (2015) .......... 4

*Amtax Holdings 463, LLC v. KDF Comtys.-Hallmark, LLC*,
2018 WL 4740330 (C.D. Cal. Mar. 7, 2018) .......... 7

*Baggaley v. Wells Fargo Bank, N.A.*,
2018 WL 8804575 (C.D. Cal. Nov. 8, 2018) .......... 6

*Beaty v. BET Holdings, Inc.*,
227 F.3d 607 (2000) .......... 13

*Bell v. Vista Unified Sch. Dist.*,
82 Cal. App. 4th 672 (2000) .......... 12

*Benjamin, Weill & Mazer v. Kors*,
195 Cal. App. 4th 40 (2011) .......... 7

*C.H. Robinson Worldwide, Inc. v. Traffic Tech, Inc.*,
60 F.4th 1144 (8th Cir.) .......... 2

*Carter v. Spiegel*,
2022 WL 767275 (N.D. Cal. Mar. 11, 2022) .......... 7, 8, 9

*Chan v. Soc'y Expeditions, Inc.*,
123 F.3d 1287 (9th Cir. 1997) .......... 3

*Chavez v. City of Los Angeles*,
47 Cal. 4th 970 (2010) .......... 13

*Christian Rsch. Inst. v. Anor*,
165 Cal. App. 4th 1315 (2008) ... 12

*Consumer Fin. Prot. Bureau v. CashCall, Inc.*,
35 F.4th 734 (9th Cir. 2022) ... 3

*DisputeSuite.com, LLC v. Scoreinc.com*,
2 Cal. 5th 968 (2017) ... 7

*Domestic Linen Supply Co. v. L J T Flowers, Inc.*,
58 Cal. App. 5th 180 (2020) ... 9

*Frog Creek Partners, LLC v. Vance Brown, Inc.*,
206 Cal. App. 4th 515 (2012) ... 7, 8

*GMS Batching, Inc. v. TADCO Constr. Corp.*,
992 N.Y.S.2d 264, 120 A.D.3d 549 (N.Y. App. Div. 2014) ... 4

*Harman v. City & Cnty. of San Francisco*,
136 Cal. App. 4th 1279 (2006) ... 13

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ... 11, 13

*Hsu v. Abbara*,
9 Cal. 4th 863 (Cal. 1995) ... 10, 11

*Johnson v. Righetti (In re Johnson)*,
756 F.2d 738 (9th Cir. 1985) ... 2

*Keith v. Volpe*,
643 F. Supp. 37 (C.D. Cal. 1985), *aff'd*, 833 F.2d 850 (9th Cir. 1987) ... 12

*Ketchum v. Moses*,
24 Cal. 4th 1122 (2001) ... 11, 14, 15

*Kleinberg v. Radian Grp., Inc.*,
2003 WL 22420501 (S.D.N.Y. Oct. 24, 2003), *report and recommendation adopted*,
2003 WL 22723014 (S.D.N.Y. Nov. 18, 2003) ... 5

*Lachkar v. Lachkar*,
182 Cal. App. 3d 641 (1986) ... 7

*Latoya A. v. San Francisco Unified Sch. Dist.*,
2016 WL 344558 (N.D. Cal. Jan. 28, 2016) ... 12

*McCullough v. Couris*,
152 F.3d 927 (9th Cir. 1998) ... 5

*Monster Cable Prods., Inc. v. Feldman*,
2013 WL 12444309 (N.D. Cal. Feb. 27, 2013) ... 10

*Muniz v. United Parcel Service, Inc.*,
738 F. 3d 214 (9th Cir. 2013) ... 13

*Otay River Constructors v. San Diego Expressway*,
158 Cal. App. 4th 796 (2008) ... 8

*PLCM Grp., Inc. v. Drexler*,
22 Cal. 4th 1084 (2000) ... 11, 12, 13, 14

*Quintana v. Transp. Am., Inc.*,
2021 WL 7368586 (S.D. Fla. May 10, 2021), *report and recommendation adopted*,
2022 WL 538167 (S.D. Fla. Feb. 23, 2022) ... 6

*Rey v. Madera Unified Sch. Dist.*,
203 Cal. App. 4th 1223 (2012) ... 11

*Roberts v. Packard, Packard & Johnson*,
217 Cal. App. 4th 822 (2013) ... 7, 8

*Robinson v. Taboo Gentlemen's Club, LLC*,
2015 WL 3868531 (N.D.W. Va. June 23, 2015) ... 5

*Rodriguez v. Barrita, Inc.*,
53 F. Supp. 3d 1268 (N.D. Cal. 2014) ... 12

*Ryan v. Editions Ltd. W., Inc.*,
2016 WL 233093 (N.D. Cal. 2016) ... 15

*United States v. Puerta*,
982 F.2d 1297 (9th Cir.1992) ... 5

*Vanguagrd Logistics (USA), Inc. v. Blujay Sols. Ltd.*,
2021 WL 1165068 (S.D.N.Y. Mar. 25, 2021) ... 3, 4, 6

*Weeks v. Baker & McKenzie*,
63 Cal. App. 4th 1128 (1998) ... 13, 14

*Welch v. Metro. Life Ins. Co.*,
480 F.3d 942 (9th Cir. 2007) ... 12

*White v. Conduent Com. Sols., LLC*,
2024 WL 4373847 (E.D. Cal. Oct. 2, 2024) ... 7, 8, 9

*Yaguil v. Lee*,
2014 WL 3956693 (E.D. Cal. Aug. 13, 2014) ... 3

**Statutes**


28 U.S.C. § 1331 .......... 1

California Civil Code
§ 1717 .......... *passim*
§ 1717(b)(1) .......... 10


**Other Authorities**


Restatement (Second) of Conflict of Laws § 187 (1971) .......... 3

## I. PRELIMINARY STATEMENT

On October 3, 2024, the Court granted iStock's Motion to Compel Arbitration or in the Alternative Dismiss (the "Motion to Dismiss"), dismissing the case on *forum non conveniens* grounds. Dkt. 25. The Court dismissed the case without prejudice and granted Plaintiff permission to re-file his case in Canada pursuant to the forum selection clause in the iStock Terms of Use (the "TOU"). *Id.* Instead of pursuing his claims in the proper forum, Plaintiff filed the instant motion seeking attorneys' fees for opposing a motion that he lost. Plaintiff argues that he is entitled to his attorneys' fees pursuant to iStock's License Agreement (the "License Agreement") and California Civil Code § 1717 ("Section 1717") because he successfully argued that he was not subject to the License Agreement's arbitration provision. Plaintiff is wrong. First, any request for attorneys' fees pursuant to the License Agreement is subject to New York law, not California law, and Plaintiff has no basis to seek his fees under New York law. Second, even if California law applies, Section 1717 does not permit for the recovery of attorneys' fees in connection with a motion to compel arbitration in an existing action. For these reasons, the Court should deny Plaintiff's motion for attorneys' fees.

## II. RELEVANT FACTUAL BACKGROUND

On May 22, 2024, Plaintiff filed the class action complaint asserting a single Video Privacy Protection Act ("VPPA") claim and asserting federal question jurisdiction under 28 U.S.C. § 1331. Dkt. 1 ¶¶ 10, 80-89. On June 28, 2024, iStock filed the Motion to Dismiss seeking to compel arbitration pursuant to the License Agreement or dismiss on *forum non conveniens* grounds pursuant to the TOU. Dkt. 11. On October 3, 2024, the Court granted iStock's motion and dismissed the case on *forum non conveniens* grounds. Dkt. 25.

On Friday, October 11, after the Court dismissed Plaintiff's claims and closed this case, counsel for Plaintiff emailed counsel for iStock indicating that Plaintiff planned to file a motion seeking attorneys' fees for opposing iStock's Motion to Dismiss unless iStock agreed to voluntarily pay Plaintiff's fees. Dkt. 26-5. On Monday, October 14, 2024, counsel for iStock responded, agreeing to meet and confer on the issue the following day and indicating any motion for fees would be frivolous because (i) "iStock was the prevailing party on the motion because the

court agreed Plaintiff brought this action in the wrong forum[,]" and (ii) "California courts are clear that a party is not entitled to attorney's fees for successfully defending against a motion to compel arbitration prior to resolution of the case[.]" Declaration of Sean M. Sullivan In Support of Defendant iStockPhoto LP's Opposition to Plaintiff's Motion for Attorneys' Fees ("Sullivan Decl.") ¶ 6, Ex. A. On October 15, 2024, during the meet and confer, iStock reiterated that any motion for fees would be frivolous and raised additional concerns regarding the availability of attorneys' fees, including that the License Agreement was governed under New York law, not California law. *Id.* ¶ 7. Counsel for Plaintiff disagreed and indicated that it seemed unlikely that the parties would reach a resolution. *Id.* On October 16, 2024, Plaintiff filed the instant motion. *Id.* ¶ 8; Dkt. 26.

## III. ARGUMENT

Plaintiff improperly seeks attorneys' fees under California law because (i) the operative agreement is governed by New York law and (ii) California law does not award fees for opposing a motion to compel arbitration that does not resolve the underlying claims. Plaintiff filed the instant motion for attorneys' fees purportedly pursuant to the indemnification provision of iStock's License Agreement, which permits iStock to recover "all damages, liabilities and expenses (including reasonable legal costs including attorney fees)" in the event that a user breaches the License Agreement. Dkt. 26 at 1, 3 (quoting Dkt. 26-3 § 10.a). Plaintiff argues that Section 1717 modifies the indemnification provision of the License Agreement to permit both iStock and its users to seek attorneys' fees in connection with any alleged breach of the License Agreement. *Id.* at 3. Plaintiff is wrong for two reasons. First, Plaintiff's continued reliance on California law is misguided.[1] The License Agreement is expressly governed by New York law, Dkt. 26-3 § 11.d, and Plaintiff does not provide any explanation for why California law applies here. Because New York law governs the License Agreement, Plaintiff has no basis to seek attorneys' fees in this matter. *See, e.g.*, *C.H. Robinson Worldwide, Inc. v. Traffic Tech, Inc.*, 60 F.4th 1144, 1151 (8th Cir.) (vacating fees under Section 1717 where California law did not apply); *Johnson v. Righetti*

[1] In his opposition to iStock's Motion to Dismiss, without explanation, Plaintiff ignored the choice of law provision in the License Agreement and relied exclusively on California law in opposing the iStock's motion. *See, generally* Dkt. 15.

(*In re Johnson)*, 756 F.2d 738, 741 (9th Cir. 1985) (same); *Yaguil v. Lee*, 2014 WL 3956693, at *2 (E.D. Cal. Aug. 13, 2014) (same). Second, even assuming California law does govern, California law is clear that there is no prevailing party under Section 1717 on a motion to compel arbitration where the motion is filed within an existing lawsuit. For these reasons, the Court should deny Plaintiff's request for attorneys' fees.

### A. Plaintiff Cannot Claim Attorneys' Fees Under California Civil Code 1717 Because the License Agreement Is Governed by New York Law.

The License Agreement is governed by New York law. "Federal common law applies to choice-of-law determinations in cases based on federal question jurisdiction… ." *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1297 (9th Cir. 1997). Under federal common law, "[w]hen parties contract for the application of a particular jurisdiction's law, their choice normally controls." *Consumer Fin. Prot. Bureau v. CashCall, Inc.*, 35 F.4th 734, 744 (9th Cir. 2022) (citing Restatement (Second) of Conflict of Laws § 187 (1971)). Here, as noted above, the License Agreement is expressly governed under the "laws of the State of New York." Dkt. 26-3 § 11.d (Governing Law/Arbitration). Because the License Agreement is governed by New York law, the Court must apply New York law when interpreting the rights of the parties under the agreement.

Under New York law, Plaintiff's request for attorneys' fees fails for two reasons. Initially, there is no equivalent to Section 1717 under New York law and the indemnification provision under the License Agreement that Plaintiff relies on remains limited to iStock. Further, even assuming the License Agreement permits Plaintiff to seek his attorneys' fees, the License Agreement does not permit either party to seek fees in connection with enforcing the arbitration provision.

The indemnification provision that Plaintiff relies on in seeking his attorneys' fees is limited on its face to iStock. *See* Dkt. 26-3 § 10.a. There is no authority under New York law that extends iStock's ability to seek attorneys' fees in the event of a breach of the License Agreement under the indemnification provision to Plaintiff. Instead, under New York law, "attorneys' fees are incidents of litigation and a prevailing party may not collect them from the losing party unless such an award is authorized by agreement between the parties, statute or court rule." *Vanguagrd Logistics (USA), Inc. v. Blujay Sols. Ltd.*, 2021 WL 1165068, at *3 (S.D.N.Y.

Mar. 25, 2021); *see also Abraham v. Torati,* 197 N.Y.S.3d 235, 246, 219 A.D.3d 1275, 1285-86 (N.Y. App. Div. 2023) ("[T]he general rule in New York (*i.e.*, the American Rule) is that counsel fees are merely an incident of litigation and not recoverable absent a specific contractual provision or statutory authority.") (citations omitted). While New York does permit the recovery of attorneys' fees pursuant to certain statutory claims, none of which apply here, there is no statutory authority under New York law equivalent to Section 1717 that creates reciprocity of unilateral contractual rights to attorneys' fees. Because New York law does not create a mutual right to seek attorneys' fees where a contract permits only one party to seek attorneys' fees, Plaintiff cannot pursue his fees under License Agreement section 10.a, which is limited to iStock, and his request for attorneys' fees must be denied on that ground alone.

Plaintiff's request for attorneys' fees must also be denied because the License Agreement does not expressly permit the recovery of attorneys' fees for disputes relating to arbitrability.[2] Under New York law, "the intent to provide for counsel fees by agreement between the parties as damages for breach of contract must be 'unmistakably clear' in the language of the contract." *Vanguagrd*, 2021 WL 1165068, at *3 (cleaned up). "Further, contractual provisions permitting the prevailing party to recover an award of legal fees must be strictly construed… ." *GMS Batching, Inc. v. TADCO Constr. Corp.*, 992 N.Y.S.2d 264, 267, 120 A.D.3d 549, 552 (N.Y. App. Div. 2014). Thus, attorneys' fees for a particular claim are not recoverable under a contract unless the contractual language explicitly permits recovery for that type of claim. *See, e.g.*, *Ambrose v. Ambrose*, 9 N.Y.S.3d 130, 131, 128 A.D.3d 746, 747 (2015) (finding that that contract permitted recovery of attorneys' fees related to enforcing the divorce agreement, but did not provide for the recovery of fees "incurred in opposing a motion by the plaintiff, inter alia, to hold her in civil

[2] To the extent that Plaintiff argues that iStock's position is incompatible with its prior representations regarding the availability of attorneys' fees, it is not. In its June 6, 2024 letter, iStock reserved the right to seek sanctions and attorneys' fees for enforcing the arbitration agreement and TOU's forum selection clause under the respective indemnification provisions of the License Agreement and TOU, but noted that "iStock will seek ***all available remedies***, including sanctions and attorneys' fees, ***to the fullest extent available under the law***." Dkt. 26-1 at 4-5, 6 (emphasis added). iStock was putting Plaintiff on notice that it would seek sanctions and attorneys' fees to the extent those remedies were available, but was not otherwise representing whether fees would ultimately be available. To the extent that iStock believed that attorneys' fees were available under either agreement for enforcing the arbitration agreement or forum selection clause, iStock would have moved for its attorneys' fees after prevailing on the Motion to Dismiss.

contempt."); *214 Wall St. Assocs., LLC v. Med. Arts-Huntington Realty*, 953 N.Y.S.2d 124, 126, 99 A.D.3d 988, 990 (2012) (denying fees for post-trial motions where "[t]he possible recovery of such posttrial costs and counsel fees is not addressed by the Survival Agreement in a clear and decided fashion"); *Kleinberg v. Radian Grp., Inc.*, 2003 WL 22420501, at *5 (S.D.N.Y. Oct. 24, 2003) (denying request for attorneys' fees for claims that did not arise under the operative contract because the attorneys' fee provision only covered claims "under the agreement"), *report and recommendation adopted*, 2003 WL 22723014 (S.D.N.Y. Nov. 18, 2003).

Here, the License Agreement permits the recovery of attorneys' fees under two provisions, neither of which apply. In Section 10.a., the License Agreement permits *iStock* to recover attorneys' fees from users "arising out of or in connection with any breach or alleged breach" of the License Agreement by the user. Dkt. 26-3§ 10.a. Then in Section 11.d., the License Agreement provides that the "prevailing party shall be entitled to recover its reasonable legal costs including attorney fees relating to that aspect of its claim or defense on which it prevails."[3] *Id.* § 11.d. Neither provision makes any mention of providing attorneys' fees for disputes relating to arbitrability. Instead, the License Agreement permits the recovery of attorneys' fees only where iStock incurs damages due to a user's breach of the License Agreement, *id.* § 10.a, or where one party prevails on their "claims or defenses", *i.e.* the merits of the case, *id.* § 11.d. This is in stark contrast to the contractual language in cases where courts found the governing agreement expressly provided attorneys' fees for enforcing the arbitration agreement. *Robinson v. Taboo Gentlemen's Club, LLC*, 2015 WL 3868531, at *4 (N.D.W. Va. June 23, 2015) (permitting recovery of attorney fees where contract provided that "in the event that any party challenges, or is required to initiate

[3] Plaintiff only moves for his attorneys' fees pursuant to License Agreement Section 10.a. He does not move seek his attorneys' fees pursuant to Section 11.d. By failing to pursue his fees under Section 11.d in his motion and opening brief, he has waived any right to do so. *See United States v. Puerta*, 982 F.2d 1297, 1300 n. 1 (9th Cir.1992) ("We decline to address new arguments raised in a reply brief."); *McCullough v. Couris*, 152 F.3d 927, 1998 WL 415484, at *1 n.2 (9th Cir. 1998) (Plaintiff's "attempt to raise new arguments in his reply brief is unavailing. We do not consider arguments that are 'not specifically and distinctly raised and argued in [the] opening brief.'") (unpublished table decision). Because Plaintiff failed to seek attorneys' fees under Section 11.d in his motion and opening brief, he has waived this argument and the Court should not consider it in the event that Plaintiff attempts raise this basis for fees for the first time on reply.

proceedings to enforce, the arbitration [agreement], the prevailing party…shall be entitled to …reasonable attorney fees"); *see also Baggaley v. Wells Fargo Bank, N.A.*, 2018 WL 8804575, at *4 (C.D. Cal. Nov. 8, 2018) (same); *Quintana v. Transp. Am., Inc.*, 2021 WL 7368586, at *1 (S.D. Fla. May 10, 2021), *report and recommendation adopted*, 2022 WL 538167 (S.D. Fla. Feb. 23, 2022). Because the License Agreement does not include any such language, attorneys' fees are not available in connection with disputes over the enforceability of the arbitration agreement and Plaintiff's request for fees must also be denied for this reason. *Vanguagrd*, 2021 WL 1165068, at *4 (denying request for attorneys' fees for enforcing arbitration agreement where the contractual language provided that plaintiff "agrees to reimburse Defendant for any collection fees, including reasonable attorney fees, incurred by Defendant in enforcing its rights under this agreement.") (cleaned up); *see also Advent Env't Consulting, LLC v. Jotform Inc.*, 2022 WL 18485, at *2 (N.D. Cal. Jan. 3, 2022) (denying motion for fees on motion to compel in part because the contract did not contain "specific language stating that if a party succeeds on a motion to compel arbitration, that party is entitled to recover fees on that motion.").

**B. Plaintiff Is Not the Prevailing Party Under Section 1717.**

Even assuming California law applies, Plaintiff is not entitled to attorneys' fees for opposing iStock's Motion to Dismiss. California law is clear that the prevailing party for the purpose of attorneys' fees can only be determined after *final* resolution of the *substantive causes of action* and not at an interim procedural step like a motion to compel arbitration. Plaintiff cites no authority that suggests otherwise. Even assuming the Court could determine the prevailing party based on its procedural order, iStock is the prevailing party on the Motion to Dismiss because the Court agreed that Plaintiff filed this action in the wrong forum. Thus, even if California law applies here, Plaintiff has no basis to seek attorneys' fees and his motion must be denied.

**1. Attorneys' Fees Are Not Available on a Motion to Compel Arbitration Under California Law.**

Plaintiff is not entitled to attorneys' fees because California law is clear that attorneys' fees are not available under Section 1717 because iStock's Motion to Dismiss was a purely procedural motion that did not resolve the causes of action at issue in this case. "Based on the plain meaning of section 1717, … a petition to compel arbitration filed in a pending lawsuit is not an 'action,'

and attorney fees cannot be awarded to the prevailing party, if any, until the requests for relief—the causes of action—are ultimately resolved." *Roberts v. Packard, Packard & Johnson*, 217 Cal. App. 4th 822, 833 (2013); *White v. Conduent Com. Sols., LLC*, 2024 WL 4373847, at *16 (E.D. Cal. Oct. 2, 2024) (denying request for fees on motion to compel because "[r]esolving the parties' arbitrability dispute does not resolve [Plaintiff's] underlying claims."); *AKS Trade Co., LLC v. Americap Direct Corp*., 2023 WL 2752486, at *2 (E.D. Cal. Mar. 31, 2023) ("In many cases, an order on a petition to compel arbitration is not sufficient to establish a prevailing party since there is often an ongoing, underlying case."); *Carter v. Spiegel*, 2022 WL 767275, at *2 (N.D. Cal. Mar. 11, 2022) ("California case law makes clear that we don't know yet who is the prevailing party under this general prevailing party fee-shifting provision."); *Amtax Holdings 463, LLC v. KDF Comtys.-Hallmark, LLC*, 2018 WL 4740330, at *2 (C.D. Cal. Mar. 7, 2018) ("[A] trial court's order compelling a dispute to arbitration does not 'determine[ ] the parties' substantive rights,' and therefore, 'no party has yet prevailed within the meaning of [§] 1717.'") (second alteration in original); *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 976 (2017) (endorsing prior holding that "[a] party does not become the prevailing party under the statute merely by obtaining a forum for resolution of the contractual dispute or by moving it from one forum to another."); *Frog Creek Partners, LLC v. Vance Brown, Inc.*, 206 Cal. App. 4th 515, 536 (2012) (finding fees are unavailable for a party who only prevails at an "interim procedural step"); *Lachkar v. Lachkar*, 182 Cal. App. 3d 641, 648-49 (1986).[4]

Plaintiff's attempt to distinguish this authority is unavailing. While Plaintiff fails to provide any authority to support his position that he is entitled to attorneys' fees for opposing the Motion to Dismiss where the underlying causes of action remain unresolved, Plaintiff points to

[4] While the weight of authority overwhelming suggests that attorneys' fees are not available in connection with a motion to compel arbitration, a few outlier cases have held otherwise. Most notably, the court in *Benjamin, Weill & Mazer v. Kors*, found that a broad fee provision authorizing the recovery of attorneys' fees in connection with "any dispute over the enforcement" of the contract permitted attorneys' fees in connection with a motion to compel arbitration. 195 Cal. App. 4th 40, 79 (2011). While some courts continue to cite to *Kors*, the decision has been roundly rejected by most courts. *See, e.g.*, *Carter*, 2022 WL 767275, at *2 ("Aside from *Kors*, California case law makes clear that we don't know yet who is the prevailing party under this general prevailing party fee-shifting provision."); *Roberts*, 217 Cal. App. 4th at 841-842 (addressing why the *Kors* decision was wrongly decided); *Frog Creek*, 206 Cal. App. 4th at 536 (stating that although *Kors* "supports an award of attorney fees for prevailing on a petition to compel filed within a lawsuit, … we respectfully disagree with the reasoning of that case.").

*Frog Creek* and *DispuiteSuite* to argue that the limitation on attorneys' fees only applies where the case involves breach of contract claims that remain unresolved by the motion to compel arbitration. Dkt. 26 at 4-5 (citing *Frog Creek*, 206 Cal. App. 5th at 535 and *DisputeSuite*, 2 Cal. 5th at 974). Plaintiff then argues that because the instant action does not involve any further claims on the License Agreement, Plaintiff is the prevailing party and entitled to his attorneys' fees. *Id*. But this argument ignores that the case law does not turn on whether claims under a contract remain after the motion to compel arbitration, but instead turns on whether the motion to compel arbitration resolves the underlying "causes of action." *Roberts*, 217 Cal. App. 4th at 833; *see, e.g.*, *White*, 2024 WL 4373847, at *16; *Carter*, 2022 WL 767275, at *1-2. For example, in *White*, plaintiff brought claims alleging violations of California wage and hour laws. Defendant successfully compelled arbitration pursuant to plaintiff's employment agreement but the case did not otherwise involve any claims based on plaintiff's employment agreement. 2024 WL 4373847, at *1, 16. The Court denied defendant's request for attorneys' fees for successfully compelling arbitration because "[r]esolving the parties' arbitrability dispute does not resolve [plaintiff's] underlying claims." *Id*. at *16. The fact the motion to compel arbitration resolved the contractual question of whether plaintiff was required to arbitrate their claims under the applicable employment agreement did not matter because the plaintiff's underlying wage and hour law claims remained unresolved. It is precisely the same situation here – Plaintiff's underlying statutory claim remains unresolved and will remain so unless and until Plaintiff files his action in the proper forum. At bottom, California law is clear that that Plaintiff is not entitled to his attorneys' fees on the Motion to Dismiss and his attempts to argue otherwise are unavailing.

**2. The Limited Exceptions to the General Rule that Fees Are Unavailable on A Motion to Compel Do Not Apply Here.**

There are two limited exceptions to the general rule under Section 1717 that attorneys' fees are not available in connection with a motion to compel arbitration, neither of which apply here. First, if the motion to compel arbitration is filed solely to resolve the issue of arbitrability where there is otherwise no pending lawsuit, then it is a discrete lawsuit that can be fully resolved by a decision on the motion and "the prevailing party could appropriately request attorneys' fees." *AKS Trade Co*, 2023 WL 2752486, at *2; *Carter*, 2022 WL 767275, at *2; *Otay River Constructors v.*

*San Diego Expressway*, 158 Cal. App. 4th 796, 808 (2008). This logical conclusion makes sense because it resolves the only issue pending before the court. That is plainly not the case here because iStock filed the motion within Plaintiff's existing lawsuit. *Carter*, 2022 WL 767275, at *1 (holding a party may seek attorneys' fees "when a petition to compel arbitration is filed as its own independent legal proceeding, [because] the denial of the petition means that a discrete legal proceeding has terminated in the defendant's favor, so we know who the prevailing party is."); *see also Domestic Linen Supply Co. v. L J T Flowers, Inc.*, 58 Cal. App. 5th 180, 187 (2020) ("Where there is an existing lawsuit, the lawsuit continues if the petition is defeated. Instead, Domestic brought an independent petition to compel arbitration. The defeat of the petition terminated the action, leaving LJT as the prevailing party entitled to an award of fees."); *compare, e.g., AKS Trade*, 2023 WL 2752486, at *2 ("If the motion to compel arbitration is filed within an existing lawsuit, the motion is not a discrete proceeding and there is no prevailing party resulting from the disposition of the motion.") "The key distinction is whether the case involves a motion to compel arbitration filed within an existing lawsuit or a petition to compel arbitration that commences an independent lawsuit." *AKS Trade*, 2023 WL 2752486, at *2. Here, iStock filed the Motion to Dismiss within Plaintiff's existing lawsuit and resolution of the motion does not resolve the underlying VPPA causes of action at issue in the case and, thus, Plaintiff has no basis to seek his attorneys' fees. *See, e.g.*, *White*, 2024 WL 4373847, at *16.

Second, a party may also seek attorneys' fees on a motion to compel arbitration where the contract expressly provides attorneys' fees for enforcing the arbitration provision. *Carter*, 2022 WL 767275, at *2 (citing *Acosta v. Kerrigan*, 150 Cal. App. 4th 1124, 1132 (2007)). As already described above, the attorneys' fee provisions in the License Agreement do not expressly permit the recovery attorneys' fees for enforcing the arbitration agreement. *See supra* Section II.A. Under California law, attorneys' fees on a motion to compel arbitration are not recoverable under a contract unless the contractual language explicitly permits the recovery of attorneys' fees for enforcing the arbitration agreement. *Compare Carter*, 2022 WL 767275, at *2 ("[T]he fee-shifting provision is not specific to efforts to enforce the arbitration provision…. California case law makes clear that we don't know yet who is the prevailing party under this general prevailing party fee-

shifting provision."); *and Advent*, 2022 WL 18485, at *2 (finding attorneys' fees were not permitted for enforcing arbitration agreement under "a general provision entitling the parties to fees arising from a violation of the contract," instead of "specific language stating that if a party succeeds on a motion to compel arbitration, that party is entitled to recover fees on that motion."); *with Monster Cable Prods., Inc. v. Feldman*, 2013 WL 12444309, at *1 (N.D. Cal. Feb. 27, 2013) (awarding fees on a motion to compel where the contract specifically provided that "the party that resisted arbitration will be required to pay to the other party all costs and expenses, including, without limitation, reasonable attorneys' fees that they incur in compelling arbitration"). Because the License Agreement does not expressly grant Plaintiff the right to seek attorneys' fees in connection with a motion to compel arbitration, this exception does not apply and Plaintiff's motion for attorneys' fees must be denied.

**3. To the Extent There Is a Prevailing Party, It Is iStock.**

As Plaintiff noted in his motion, "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1). "[W]hen the decision on the litigated contract claims is purely good news for one party and bad news for the other—the Courts of Appeal have recognized that a trial court has no discretion to deny attorney fees to the successful litigant." *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (Cal. 1995). In other words, the party "who obtains all relief requested on the only contract claim in the action must be regarded as the party prevailing on the contract for purposes of attorney fees under section 1717." *Id.* Further, "in deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Id.* Here, iStock is the prevailing party because the Court's decision was purely good news for iStock and bad news for Plaintiff. iStock received precisely the relief it requested in the Motion to Dismiss, namely an order from the Court finding Plaintiff initiated this action in the incorrect forum. iStock's objective in filing the motion was to avoid litigating Plaintiff's claims in an improper forum, and the Court's order dismissing Plaintiff's claims achieved this objective. Conversely, Plaintiff was entirely unsuccessful in achieving his

primary objective in opposing the motion, maintaining his suit before this Court.[5] Because iStock achieved its objective in filing the motion, receiving all the relief it requested in the motion, the Court's decision was a "simple, unqualified win" for iStock and iStock is the prevailing party for the purposes of Section 1717. *Id.* Thus, while the law is clear that there is no prevailing party under Section 1717 on a procedural motion like the one here, to the extent there is a prevailing party on the motion, it is iStock.

**C. Plaintiff's Fees Are Unreasonable**

California law is clear that Plaintiff is not entitled to his attorneys' fees on the Motion to Dismiss. But, should the Court award Plaintiff his attorneys' fees, his request is unreasonable and the award should be reduced dramatically.

Determining *reasonable* attorneys' fees begins with a calculation of the "lodestar"—the number of hours *reasonably* expended, multiplied by a *reasonable* hourly rate that is prevailing among private attorneys in the community that litigate the same type of cases. *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001). The "rate is that prevailing in the community for similar work." *PLCM Grp.*, 22 Cal. 4th at 1095. The Court cannot "rubber stamp" the request, but instead, must determine the amount that is reasonable for the work performed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). That requires the moving party to demonstrate that the fees claimed were reasonably spent and requires the Court to scrutinize the submission. *Rey v. Madera Unified Sch. Dist.*, 203 Cal. App. 4th 1223, 1243-44 (2012) ("padding" in the form of inefficient or duplicative efforts is not subject to compensation). "A plaintiff is not automatically entitled to all hours claimed in the fee request. Rather, the plaintiff must prove the hours sought were reasonable and necessary." *Id.*

Where appropriate and necessary to affix the reasonable value of an attorneys' services under the circumstances, the Court may consider whether there is any factor that justifies applying a multiplier to the lodestar—either to enhance the lodestar amount claimed ***or to reduce it***. *See*,

[5] At best, Plaintiff could argue that the Court's order was mixed, where iStock prevailed in enforcing the TOU's forum selection clause, but Plaintiff prevailed in opposing the License Agreement's arbitration clause. Where the result is mixed, there is no prevailing party and neither party is entitled to fees. *Hsu*, 9 Cal. 4th at 875. In this scenario, the Court could simply decline to award either party its attorneys' fees.

*e.g.*, *Keith v. Volpe*, 643 F. Supp. 37, 43 (C.D. Cal. 1985) (finding appropriate a "50 percent [reduction] of the hours claimed preparing attorneys' fees claims"), *aff'd*, 833 F.2d 850 (9th Cir. 1987); *Latoya A. v. San Francisco Unified Sch. Dist.*, 2016 WL 344558, at *15 (N.D. Cal. Jan. 28, 2016) (reducing attorneys' fees by 20% for prevailing party's less than complete victory); *see also Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1296 (N.D. Cal. 2014) (commensurate with relief obtained, reducing a plaintiff's attorneys' fees by twenty percent).

Here, even assuming Plaintiff is entitled to an award (he is not), it is impossible to determine whether Plaintiff's request is reasonable based on the meager summary of the hours billed in support of Plaintiff's opposition to the Motion to Dismiss. Plaintiff's lack of discretion speaks volumes. Because Plaintiff did not provide a detailed record of the time spent opposing the Motion to Dismiss, the Court must drastically reduce any fee award. A massive reduction in the fee award is justified for the following reasons.

***First***, the Court is entitled to adequate records in order to evaluate whether the time spent was "reasonably incurred." *See*, *e.g.*, *PLCM Grp.,* 22 Cal. 4th at 1096 (California courts have reasoned that block billing increases documented time (versus actual work, i.e., "padding") by ten to thirty percent); *Bell v. Vista Unified Sch. Dist.*, 82 Cal. App. 4th 672, 689-90 (2000) ("If counsel cannot further define his billing entries so as to meaningfully enlighten the court … then the trial court should exercise its discretion in assigning a reasonable percentage to the entries, or simply cast them aside."); *Christian Rsch. Inst. v. Anor*, 165 Cal. App. 4th 1315, 1329 (2008) (court may consider block bill entries as undercutting the credibility of a fee request and therefore cut the fee request); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

Here, Plaintiff fails to provide the time entries supporting his fee request. Instead, Plaintiff provides a single chart with a list of timekeepers, their rate, the hours they purportedly spent working on the opposition to the Motion to Dismiss, and the total fees attributable to that purported work. Dkt. 26-1 ¶ 10. Plaintiff also includes a vague, high-level summary of the work that was purportedly performed. *Id.* ¶ 11. But, Plaintiff does not provide detailed time entries for any of the timekeepers. Thus, it is impossible to gauge whether these timekeepers actually did work opposing the Motion to Dismiss, what work the time keepers each purportedly did opposing the

Motion to Dismiss, how much of the time was actually spent on the opposition to the Motion to Dismiss versus other tasks or the numerous other VPPA actions counsel has filed, and the accuracy of the purported time spent opposing the Motion to Dismiss. Based on this woeful lack of evidence to support the claimed fee award, the Court should disregard Plaintiff's claimed fees and set the award, if any, at its discretion.

***Second***, Plaintiff should not recover any fees or costs for fees incurred litigating the opposition to iStock's motion to dismiss on *forum non conveniens* grounds. *Muniz v. United Parcel Serv., Inc.*, 738 F. 3d 214, 224 (9th Cir. 2013) (citing *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 988 (2010)) ("California law requires a trial court to adjust a lodestar award to account for time spent exclusively on an unsuccessful claim"); *Hensley*, 461 U.S. at 433 (prevailing party not entitled to fees incurred for work on distinctly different claims that were ultimately unsuccessful). While counsel for Plaintiff claims that he removed all time relating to the *forum non conveniens* issue, *Dkt. 26-1* ¶ 16, it is impossible to verify whether this is true because Plaintiff failed to provide the time entries related to this work. Without detailed records, Plaintiff's representation that counsel removed any time from the requested fee amount strains believability given that the purported fees for drafting just half of one opposition brief are somehow well in excess of $100,000.

***Third***, the Court should limit any fee award to a nominal value because Plaintiff was ultimately unsuccessful in opposing iStock's Motion to Dismiss. *PLCM Grp.*, 22 Cal. 4th at 1096 (court may consider "success or failure" of prevailing party in determining whether to lower fee award); *Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 612 (2000) (citing *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1175-76 (1998)) (court may consider "success or failure" of prevailing party in determining whether to lower fee award); *Hensley*, 461 U.S. at 433 ("most critical factor" in determination of fees request is "the degree of success obtained"); *see also Harman v. City & Cnty. of San Francisco*, 136 Cal. App. 4th 1279, 1312-16 (2006).

### D. Plaintiff Is Not Entitled to a Multiplier.

Plaintiff must prove that an enhancement is warranted. *See Ketchum*, 24 Cal. 4th at 1138 (the party seeking a fee enhancement bears the burden of proof). The factors courts consider

include "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, [and] the success or failure." *PLCM Grp.*, 22 Cal. 4th at 1096 (the purpose of a multiplier is to affix a reasonable fee, not to punish the defendant or to reward the plaintiff's counsel.); *Weeks*, 63 Cal. App. 4th at 1173 ("In short, the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee, and it is unnecessary to enhance the fee . . . in order to serve the statutory purpose of enabling plaintiffs to secure legal assistance.").

While no fee award is justified here, no multiplier should be applied because the result obtained was unexceptional. Plaintiff was unsuccessful in opposing iStock's motion. While Plaintiff may have avoided arbitration, Plaintiff failed to demonstrate that his claims were properly before this Court. Because Plaintiff was ultimately unsuccessful in his opposition, he should not be entitled to a multiplier.

In addition, Plaintiff's counsel did not exhibit any exceptional skill or representation. This is just one of the many VPPA actions brought by counsel for Plaintiff, who reuses the same nearly identical complaint in each case. Further, as the Court recognized in its order dismissing this case, counsel waived one of Plaintiff's arguments opposing iStock's forum selection clause by failing to raise it in his opposition. While iStock is confident that it still would have prevailed on the forum selection clause had Plaintiff's counsel properly raised the scope issue, counsel's lack of diligence is notable. *See Ketchum*, 24 Cal. 4th at 1139 ("[A] trial court should award a multiplier for exceptional representation only when the quality of representation far exceeds the quality of representation that would have been provided by an attorney of comparable skill and experience….").

Finally, Plaintiff's contingent fee representation has no bearing on the attorneys' fees that should be awarded.

> California law offers the court discretion to adjust the lodestar to "include a fee enhancement for the purpose, *e.g.*, of compensating the attorney who agreed to undertake such representation at the risk of nonpayment or delayed payment, in an amount approaching the market rate for comparable legal services." The court is

> "not required to include a fee enhancement . . . for contingent risk, exceptional skill, or other factors," however, and the burden of proof is on the party seeking the enhancement.

*Ryan v. Editions Ltd. W., Inc.*, Case No. 5:06-cv-04812-PSG, 2016 WL 233093, at *4 (N.D. Cal. 2016) (footnote omitted) (quoting *Ketchum*, 24 Cal. 4th at 1136, 1138).

> The court should consider whether the attorney has been able to mitigate the risk of nonpayment and the degree to which the relevant market rate compensates for contingency risk, extraordinary skill, or other factors. The court should "not consider these factors to the extent they are already encompassed within the lodestar. . . Otherwise, the fee award will result in unfair double counting and be unreasonable."

*Id.* (footnotes omitted) (quoting *Ketchum*, 24 Cal. 4th at 1138-39). Here, Plaintiff has failed to satisfy his burden because he has not offered any evidence establishing that the contingent nature of his representation warrants a fee enhancement. Plaintiff's counsel cannot make this showing for a simple reason. A plaintiff's counsel taking a single-plaintiff VPPA case on contingency fee in California constitutes the norm, not the exception. Plaintiff's counsel therefore cannot justify a multiplier because he took the matter on contingency fee.

## IV. CONCLUSION

For the reasons stated, this Court should deny Plaintiff's motion for attorneys' fees.

Dated: October 30, 2024

DAVIS WRIGHT TREMAINE LLP

By: /s/ Sean M. Sullivan
Sean M. Sullivan

Attorney for Defendant
ISTOCKPHOTO, L.P.