JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ADRIAN BARNES (SBN 253131)
abarnes@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 601-6766 (Office)
(310) 295-2385 (Fax)
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **LARION KRAYZMAN**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**ISTOCKPHOTO, L.P.,**<br><br>Defendant. | Case No.: 3:24-cv-03086-VC<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF REASONABLE ATTORNEY FEES**<br><br>Courtroom: 4, 17th Floor<br>Hearing Date: Nov. 21, 2024<br>Hearing Time: 10:00 a.m.<br><br>Action Filed: May 22, 2024 |

## I. INTRODUCTION

As the prevailing party, Plaintiff is entitled to recover his attorneys' fees for time spent litigating Defendant's Motion to Compel Arbitration based on the clear language of California Civil Code § 1717 and ample relevant authority. In opposing Plaintiff's Motion, Defendant erroneously asserts that "Plaintiff filed the instant motion seeking attorneys' fees for opposing a motion that he lost." In so doing, Defendant confuses and conflates its success on its Motion to Dismiss with Plaintiff's success on Defendant's Motion to Compel Arbitration). But the Court's Order clearly recognizes the difference which relied on distinct agreements. *See* Court Order Dismissing Case, Dkt. 25, p. 1 ("iStockPhoto's motion to compel arbitration is denied and its motion to dismiss is granted."). To be clear, Plaintiff seeks attorneys' fees solely for time spent successfully opposing Defendant's Motion to Compel Arbitration, and for time spent on the instant fees motion. This is clearly appropriate under § 1717: The sole issue under the contract which contains the fee provision made reciprocal under § 1717 – the License Agreement – has been resolved and the Court is able to determine at this time the prevailing party on that contract. Defendant's successful dismissal of the case on the ground of *forum non conveniens* is entirely irrelevant.

Defendant also asserts that fees cannot be awarded until after final resolution of Plaintiff's non-contractual VPPA cause of action. But, the California Supreme Court has held: "[a] procedural victory that finally disposes of the parties' contractual dispute . . . may merit a prevailing party award of fees under section 1717." *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 979 (2017). And, in the instant case, Defendant does not raise a single contractual issue regarding the License Agreement that remains to be resolved – nor could it because this Court has found that Plaintiff never agreed to the License Agreement, and does not otherwise suggest any reason that this Court cannot, at this time, complete the appropriate analysis under § 1717. Relatedly, Defendant's assertion that New York rather than California law applies based on a choice of law provision in the License Agreement makes no sense in light of the Court's holding that Plaintiff never agreed to that Agreement.

Defendant also challenges the fee amount sought by Plaintiff. In doing so, Defendant, again, seeks to conflate its Motion to Dismiss with its Motion to Compel Arbitration, erroneously claiming that its success on the former requires a reduction in the fees awarded to Plaintiff on the basis of his success on the latter. Defendant's other arguments regarding the adequacy of the declaration submitted by Plaintiff's

Counsel and the appropriateness of a multiplier for contingency risk are similarly unavailing.

## II. ARGUMENT

### A. <u>Plaintiff is Entitled to a Fee Award Under Civil Code § 1717</u>

#### 1. <u>Because Plaintiff Has Prevailed on the Only Contract Issue Under the License Agreement, He Is Entitled to an Award Under Civil Code § 1717</u>

Defendant asserts that fees are not available to Plaintiff under § 1717 because "iStock's Motion to Dismiss was a purely procedural motion that did not resolve the causes of action at issue in this case." Defendant's Opp., Dkt. 27, 6:25-27. But the cases relied upon by Defendant for this assertion make clear that the concern animating courts is whether they are in a position to determine the prevailing party on the contract" within the meaning of § 1717 at the time of the motion for attorneys' fees; not a mechanical, and myopic, focus on whether a victory on the contract can be described as "procedural" or "interim." As the California Supreme Court succinctly put it in one of the cases cited by Defendant: "The flaw in [defendant]'s claim to be the prevailing party here is not that its victory in the California trial court was procedural but that it was **not dispositive of the contractual dispute**." *DisputeSuite.com, LLC,* 2 Cal. 5th at 981 (emphasis added).

In *Frog Creek Partners, LLC v. Vance Brown, Inc.*, cited by Defendant, the court held that "defeating a petition to compel arbitration filed in a pending contract action does not justify a grant of fees under Civil Code section 1717 *where the merits of the contract claims remain pending in that action*." 206 Cal. App. 4th 515, 535 (2012) (emphasis added). Similarly, in *Roberts v. Packard, Packard & Johnson*, the court expressly linked the appropriateness of awarding attorney's fees during a pending lawsuit with the challenge of determining the "'party prevailing on the contract.'" 217 Cal. App. 4th 822 834 (2013) (citation omitted). Indeed, the court concluded its opinion with a succinct statement of its holding: "Only *one* side—plaintiffs *or* their former attorneys—can prevail in enforcing the contingency fee agreement, and the determination of the prevailing parties must await the resolution of plaintiffs' causes of action by an arbitrator. Attorney fees under section 1717 may be awarded only to the parties that prevail in the 'action.'" *Id.* at 843. Thus, in *Roberts*, the court considered an award of fees under § 1717 to be premature because it was not yet possible to determine which party had prevailed on the contract in the action as a whole; rather than in one part of the action. The court's understandable concern

was that "[s]ection 1717 reflects the Legislature's intent that a single lawsuit cannot have 'multiple prevailing parties on distinct contractual claims *involving the same contract.*'" *Id.* at 841 (quoting *Frog Creek*, 206 Cal. App. 4th at 527). In short, a court should not award fees under § 1717 before it can be sure which party has prevailed on the contract.

In *DisputeSuite.com LLC v. Scoreinc.com*, the California Supreme Court addressed, at length, issues central to the question of whether Plaintiff in the instant case can recover fees under § 1717. The case before the court raised the issue of whether a defendant was entitled to fees under § 1717 "by virtue of having obtained a dismissal from a California court on the ground that the agreement at issue contained a forum selection clause specifying the courts of another jurisdiction[.]" 2 Cal. 5th at 971. Defendant, here, describes this case as "endorsing prior holding that '[a] party does not become the prevailing party under the statute merely by obtaining a forum for resolution of the contractual dispute or by moving it from one forum to another.'" Def's Opp., 7:14-16 (quoting *DisputeSuite.com*, 2 Cal. 5th at 976). But this ignores the court's rich discussion of issues pertinent to the instant case. As the court explained:

> While Score had succeeded in enforcing the forum selection clauses in two of its agreements with DisputeSuite, it had not defeated DisputeSuite's breach of contract and related claims. Because none of those claims had yet been resolved and the litigation was still ongoing in Florida, the California trial court was in no position to "compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives"; that comparison could be made only "**upon final resolution of the contract claims**." (*Hsu*, *supra*, 9 Cal.4th at p. 876, 39 Cal.Rptr.2d 824, 891 P.2d 804.) Score was therefore not the prevailing party as a matter of law, and the trial court could reasonably decide that at the time fees were sought "neither party [had] prevailed sufficiently to justify an award of attorney fees." (*Scott Co. v. Blount, Inc.*, *supra*, 20 Cal.4th at p. 1109, 86 Cal.Rptr.2d 614, 979 P.2d 974.)

*DisputeSuite.com*, 2 Cal. 5th at 974 (footnotes omitted, emphasis added). The court then reviewed a number of cases in which "a party has won a procedural victory ending the contract litigation in one court but the litigation has continued or could continue in a different forum." *Id.* Reviewing those cases in which attorneys' fees were not awarded, the court noted that, in each case, fees were properly denied because the court could not determine, at the time of the request for fees, which party had prevailed on the contractual claims at issue. *See id*. at 974-76 (discussing *Estate of Drummond*, 149 Cal. App. 4th 46 (2007), noting fees were sought when contract claims remained to be resolved and, thus, "[t]he trial

court's denial of fees was thus consistent with *Hsu*'s direction that the prevailing party determination be made only after ''final resolution of the contract claims''" (citing *Drummond*, 149 Cal. App. 4th at 51 (quoting *Hsu*, 9 Cal. 4th, at 876))); *DisputeSuite.com*, 2 Cal. 5th at 976 (discussing *Lachkar v. Lachkar*, 182 Cal. App. 3d 641 (2011): "*Lashkar*'s view that the prevailing party cannot be determined until the contractual dispute reaches a final disposition and the parties' respective achievements can be compared prefigured this court's direction that the trial court should decide which party, if either, has prevailed "only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.'" (citation omitted)).

Discussing *Frog Creek* the court noted the invocation, in that case, "of the general principle . . . that fees under section 1717 are awarded to the party who prevailed on the contract overall, not to a party who prevailed only at an interim procedural step." *DisputeSuite.com, LLC*, 2 Cal. 5th at 977 (citing *Frog Creek*, 206 Cal. App. 4th 546; *Presley of Southern California v. Whelan*, 146 Cal. App. 3d 959, 961 (1983) (reversing an award of fees under § 1717 to plaintiff who obtained reversal of defense summary judgment on appeal, on grounds that the overall victor of the contract action "is yet to be determined")). Applying this principle to the case before it, the court found: "As was the case for the plaintiff in *Frog Creek*, here Score prevailed only on an interim motion **<u>that did not resolve the parties' contract dispute</u>**. Whether Score will ultimately be the overall victor, and become entitled to its attorney fees pursuant to the agreements, remains to be seen." *DisputeSuite.com, LLC*, 2 Cal. 5th at 977 (emphasis added). Thus, again, *the reason fees could not be awarded was because it could not, yet, be determined which was the prevailing party* ***on the contract***.

The court in *DisputeSuite.com* also considered cases in which attorneys' fees were awarded. In *Profit Concepts* and in *PNEC Corp.* the respective appellate courts approved awards of fees by trial courts when cases had been dismissed, on the grounds of lack of personal jurisdiction and *forum non conveniens*, respectively, and not refiled elsewhere. *DisputeSuite.com, LLC*, 2 Cal. 5th, at 978-80 (discussing *Profit Concepts Management, Inc. v. Griffith*, 162 Cal. App. 4th 950 (2008) and *PNEC Corp. v. Meyer*, 190 Cal. App. 4th 66 (2010)). The California Supreme Court disapproved of these decisions only "to the extent they state the prevailing party determination under section 1717 must be made without regard to ***contract*** litigation's continuation in another forum." *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th

968, 979 (2017). As the court further explained, "[t]hat the courts in *Profit Concepts* and *PNEC Corp.* may have acted within their discretion in awarding fees for obtaining a dismissal does not imply it is an abuse of that discretion to rule, as did the court here, that fees should not yet be awarded because the dismissal did not end the contractual litigation but merely moved it to another forum." *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 979 (2017). Again, the California Supreme Court's concern was whether litigation of <u>contractual</u> issues had ended, not whether the entire case had ended.

Thus, the California Supreme Court's opinion in *DisputeSuite.com*, is entirely consistent with Plaintiff's position that Defendant disputes. <u>Rather than focusing on whether a victory obtained by a party seeking fees is "interim" or "procedural," a court must focus on whether it disposes of the contractual dispute.</u> As the California Supreme Court succinctly put it: "The flaw in Score's claim to be the prevailing party here is not that its victory in the California trial court was procedural but that it was **not dispositive of the contractual dispute**." *DisputeSuite.com, LLC*, 2 Cal. 5th at 981. Thus, where, as in the instant case, the contractual dispute has been entirely disposed of, there is no reason for the Court to delay an award of attorneys' fees under § 1717.

Other cases cited by Defendant are no more helpful to its position. In *Amtax Holdings 463, LLC v. KDF Communities-Hallmark, LLC*, the court held that a fee request was "premature" because, "pursuant to *DisputeSuite.com*, no party has yet prevailed on the claims arising under the Partnership Agreement." No. 8:17-cv-01899-JLS-AS, 2018 WL 4740330, at *2 (C.D. Cal. Mar. 7, 2018) (citing *DisputeSuite.com*, 2 Cal. 5th, 975-76). And, in *AKS Trade*, similarly, the court denied a request for attorneys' fees when there had been "no determination on the merits of the breach of contract and related claims." 2023 WL 2752486, at *2 (E.D. Cal. Mar. 31, 2023). Again, these are simply consistent with many other courts which have denied attorneys' fees under §1717 when sought <u>prior to the resolution of all issues on the contract</u>. *See, e.g.*, *Anderson Plant, LLC v. Batzer Constr., Inc.*, 2014 U.S. Dist. LEXIS 68635 (E.D. Cal. May 19, 2014) (denying motion for attorney's fees under § 1717 and noting "[t]he court's grant of defendants' motion to compel arbitration *did not resolve the parties' contract dispute* because the alleged claims remain to be resolved by an arbitrator." (emphasis added)); *Allied Professionals Ins. Co. v. Harmon*, No. 8:16-CV-1864-JLS (KESx), 2017 WL 5634870, at *2 (C.D. Cal. Nov. 20, 2017) (applying *DisputeSuite.com* to deny as premature a motion for attorneys' fees where there

had not been "final resolution of the contract claims" that were pending in arbitration).

Defendant acknowledges that there are, in fact, cases in which attorneys' fees have been awarded under § 1717 in connection with a motion to compel arbitration. Def's Opp., 8:23-10:11. Defendant characterizes these cases as falling into specific exceptions – (i) where a motion to compel arbitration is filed where there is otherwise no pending lawsuit, and (ii) where the fees provision in the contract explicitly provides for the recovery of attorneys' fees for enforcing an arbitration provision, but the exceptions proposed by Defendant do not account for the California Supreme Court's treatment of either *Profit Concepts* and *PNEC Corp.*, discussed above. To reiterate, with regard to the fee awards in those cases, the California Supreme Court's concern was that they stated that "the prevailing party determination under section 1717 must be made without regard to the contract litigation's continuation in another forum." *DisputeSuite.com*, 2 Cal. 5th 968, 979. Or, put positively, the Court held, **"[a] procedural victory that finally disposes of the parties' contractual dispute . . . may merit a prevailing party award of fees under section 1717**." *Id*. at 981 (emphasis added). Tellingly, in *AKS Trade Company, LLC v. Americap Direct Corp.*, cited by Defendant, the court described the two exceptions proposed by Defendant, but, citing to *DisputeScore.com*, it also acknowledged the possibility that fees can be available for a petition to compel arbitration under other circumstances:

> In general, there must be a prevailing party in order to award attorney's fees. *See* Cal. Civ. Code § 1717(b)(1). In many cases, an order on a petition to compel arbitration is not sufficient to establish a prevailing party since there is often an ongoing, underlying case. *See DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 976–81, (2017) (upholding denial of the defendant's motion for attorney's fees because the plaintiff's dismissal was not dispositive of the underlying contractual dispute where the same dispute was being litigated in another forum); *Amtax Holdings 463, LLC v. KDF Communities-Hallmark, LLC*, No. 8:17-cv-01899-JLS-AS, 2018 WL 4740330, at *2 (C.D. Cal. Mar. 7, 2018) ("a trial court's order compelling a dispute to arbitration does not 'determine[ ] the parties' substantive rights,' and therefore, 'no party has yet prevailed within the meaning of [§] 1717' "); *see also Allied Professionals Ins. Co. v. Harmon*, No. 8:16-cv-1864-JLS-KESx, 2017 WL 5634870, at *2 (C.D. Cal. Nov. 20, 2017) (fees motion was premature where there had not been "final resolution of the contract claims" pending in arbitration).

No. 2:22-cv-00757-TLN-KJN, 2023 WL 2752486, at *2 (E.D. Cal. Mar. 31, 2023).

Even were the authority and statutory language ambiguous, which it is not, Plaintiff asks the Court to consider the practical implications of Defendant's argument. Defendant does not dispute any of the

elements that would ultimately make an award of attorneys' fees to Plaintiff appropriate. Stripping aside red herring and inapposite arguments, addressed below, the dispute is over the timing of the award. Defendant effectively asks this Court to require Plaintiff to pursue noncontractual issues in Canada in order to be able to, at some future date, seek attorneys' fees to which he is already certainly entitled. Respectfully, the Court should reject this as a wasteful and inefficient course of action, not required by the statutory language of § 1717 or the relevant authority interpreting that provision.

### 2. Defendant's Success on the *Forum Non Conveniens* Issue Under the Terms of Use is Irrelevant

Defendant abbreviates its "Motion to Compel Arbitration or in the Alternative Dismiss" to "Motion to Dismiss" and then suggests that it is actually the prevailing party because it obtained "an order from the Court finding Plaintiff initiated this action in the incorrect forum." Def's Opp., 10:24-26. This argument is a red herring. As noted above, there were, in effect, two different motions pursued by Defendant and, more importantly, two different and discrete contracts upon which each of those motions relied. Defendant sought to compel arbitration of Plaintiff's claims pursuant to the License Agreement. Defendant sought to enforce the forum selection clause in the Terms of Use. Defendant's present attempt to conflate these two issues and two contracts should be rejected.

"'Civil Code section 1717 has a limited application. It covers *only* contract actions, where the theory of the case is breach of contract, and where the contract sued upon itself specifically provides for an award of attorney fees incurred to enforce *that* contract.'" *Fed. Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 357 (2008) (quoting *Xuereb v. Marcus & Millichap, Inc.*, 3 Cal. App. 4th 1338, 1342 (1992) (emphasis in original)). The License Agreement contains just such a specific provision regarding fees; the Terms of Use does not. Thus, because Plaintiff prevailed on the only issue under the License Agreement – which Defendant does not dispute – Plaintiff is unquestionably the prevailing party within the meaning of § 1717. *See Butler-Rupp v. Lourdeaux*, 154 Cal. App. 4th 918, 923 (2007) ("With respect to contractually based fee awards, a 'party prevailing on the contract' is the party who recovers a greater net relief in that portion of the action based upon the contract." (citing Civ. Code § 1717(b)(1); *Hsu v. Abbara*, 9 Cal. 4th 863, 865 (1995)); *Myers Bldg. Industries, Ltd. v. Interface Tech., Inc.*, 13 Cal. App. 4th 949, 975 (1993), *as modified on denial of reh'g* (Mar. 26, 1993) ("Myers seems to confuse the notion

of prevailing in the lawsuit with that of prevailing 'on the contract,' which is required to obtain an attorney fee award under Civil Code section 1717.").

**3. Because Plaintiff Never Agreed to the License Agreement, the Choice of Law Provision in That Agreement is Irrelevant,**

Defendant suggests that New York rather than California law should be applied based on the choice of law provision in the License Agreement. But the argument that this provision should be enforced ignores the fact that this Court explicitly found that Plaintiff never agreed to the License Agreement. Dkt. 25, p. 1. There is simply no basis for applying a choice of law provision in a contract to which Plaintiff did not agree. Thus, Defendant's entire analysis of whether New York law would permit Plaintiff to recover attorneys' fees is inapposite. This includes Defendant's suggestion that a fees provision must expressly provide for recovery of fees for disputes relating to arbitration; this is not required under § 1717 and Defendant offers no authority to suggest that it is.

**B. The Requested Fees are Reasonable and Should be Awarded in Full**

**1. Plaintiff Has Provided Ample Documentation for the Court to be Able to Satisfy Itself that the Hours Worked Were Reasonable**

Contrary to Defendant's arguments, Plaintiff has provided ample documentation for the Court to be able to satisfy itself that the hours worked were reasonable. Counsel for Plaintiff's declaration in support of the instant motion provided a breakdown of the hours worked by those attorneys for whom Plaintiff seeks fees, a breakdown of the hours worked by those attorneys for whom Plaintiff has decided not to seek fees, a discussion of the billing judgment exercised by Counsel for Plaintiff, a description of the tasks for which Plaintiff seeks fees, and a description of the steps Counsel for Plaintiff took to ensure that only fees connected to the motion to compel arbitration were included in the lodestar calculation. Hammond Decl., Dkt. 26-1, ¶¶ 10-18.

"While other circuits require that attorney's fees applicants submit detailed, contemporaneous time records, the Ninth Circuit requires only that the affidavits be sufficient to enable the court to consider all the factors necessary to determine a reasonable attorney's fee award." *Ackerman v. W. Elec. Co., Inc.*, 643 F. Supp. 836, 863 (N.D. Cal. 1986), *aff'd,* 860 F.2d 1514 (9th Cir. 1988) (citing *Williams v. Alioto,* 625 F.2d 845, 849 (9th Cir.1980), *cert. denied,* 450 U.S. 1012 (1981); *Dennis v. Chang,* 611 F.2d 1302, 1308-09 (9th Cir.1980). California law is in accord with the Ninth Circuit view. *Martino v. Denevi,* 182

Cal. App. 3d 553, 558-59 (1986) (rejecting federal precedent requiring submission of detailed, contemporaneous time records), *review denied*. The declaration provided by Mr. Hammond is more than adequate for the Court to "consider all the factors necessary in setting the fees." *Williams v. Alioto*, 625 F. 2d at 849. This is particularly true, where, the hours for which fees are claimed pertain only to one motion that proceeded entirely before this Court. In this regard, Defendant suggests that it is "impossible to verify whether" Plaintiff removed all time relating to the *forum non conveniens* issue. Def's Opp., 13:12-14. But, Counsel for Plaintiff addressed this in his declaration, <u>under penalty of perjury</u>. Hammond Decl., ¶ 16. In sum, the Court is more than able to determine whether the hours claimed are reasonable on the basis of Plaintiff's Counsel's declaration and without a forensic examination of billing entries or time records.

**2. <u>Defendant's Success on the Forum Selection Clause Has No Bearing on the Fees Appropriately Recoverable by Plaintiff Pursuant to the License Agreement</u>**

Again, Defendant seeks to conflate the discrete issue of which party prevailed under the License Agreement with Defendant's success in enforcing the forum selection clause found in the Terms of Use. And, again, Defendant is quite wrong to do so. Defendant suggests that any fee award should be nominal because Plaintiff was "unsuccessful" in opposing Defendant's Motion to Dismiss. But, as discussed above, Plaintiff was entirely successful on the only issue under the License Agreement, and it is the License Agreement which contains the fee provision which is made mutual by § 1717. To reiterate, fee awards under § 1717 are available to the "party prevailing on the contract," and there is no authority to suggest that these awards are somehow to be modified (whether reduced or increased) by the results of litigation unrelated to the relevant contract.

**3. <u>Defendant Does Not Dispute Appropriateness of Rates Sought</u>**

In the instant motion, and the supporting declaration of Plaintiff's Counsel, Plaintiff detailed the experience and credentials of Plaintiff's Counsel and presented a number of cases in which courts have approved the rate proposed for each respective attorney. *See* Hammond Decl., ¶¶ 10, 19-36. Defendant does not dispute the appropriateness of the rates sought.

**4. <u>The Multiplier Requested by Plaintiff is Justified</u>**

Plaintiff seeks a multiplier solely on the basis that Counsel for Plaintiff took the case on

contingency. In this regard, Defendant simply asserts that "Plaintiff's contingent fee representation has no bearing on the attorneys' fees that should be awarded." Def's Opp., 14:23-24. This is because, Defendant suggests, without supporting authority, "[a] plaintiff's counsel taking a single-plaintiff VPPA case on contingency fee in California constitutes the norm, not the exception. Plaintiff's counsel therefore cannot justify a multiplier because he took the matter on contingency fee." *Id*. at 15:12-17. This, frankly, makes no sense. Presumably all contingency fee arrangements are known to counsel at the outset of the covered litigation. Certainly, here, "Counsel for Plaintiff agreed to represent Plaintiff on a contingency basis." Hammond Decl., ¶ 37. There is no authority to suggest that this somehow precludes Counsel from seeking, and receiving, a multiplier on the basis of that contingency fee arrangement. As the California Supreme Court has recognized: A multiplier "reflecting the risk that the attorney will not receive payment if the suit does not succeed, constitutes earned compensation," and is not a windfall. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1138 (2001). Such an enhancement "is intended to approximate market-level compensation for such services, which typically includes a premium for the risk of nonpayment or delay in payment of attorney fees." *Id*. And, as set out in Plaintiff's motion, numerous courts have awarded substantial multipliers based, in whole or in part, on contingency risk. *See, e.g., Taylor v. Nabors Drilling USA, LP*, 222 Cal. App. 4th 1228, 1252 (2014) (continency risk and deferral in payment alone supported multiplier of 1.4 to 1.5); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C-07-05923 WHA, 2015 WL 2438274, at *7 (N.D. Cal. May 21, 2015) (risk alone supported multiplier of 2.0, despite other factors weighing against multiplier).

## III. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that the Court award the full amount of fees requested in Plaintiff's Motion: $125,491.[1]

Dated: November 6, 2024

Respectfully Submitted,

/s/ Julian Hammond
Julian Hammond
Attorneys For Plaintiff

[1] Plaintiff does not seek fees for the time spent on preparing the instant Reply brief, which makes the fee request even more reasonable.